**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v. Case No. 8:24-cr-505-TPB-AAS

JET SERN LAW,

Defendant.
______________________________/

**ORDER DENYING DEFENDANT'S MOTION AND OVERRULING OBJECTION TO ORDER OF DETENTION**

This matter is before the Court on "Defendant's Motion for Revocation or Amendment of the Magistrate Judge's Detention Orders and for Pretrial Release Under 18 U.S.C. § 3145(b)," filed by counsel on September 18, 2026. (Doc. 44). On September 30, 2026, the United States of America filed a response. (Doc. 45).

Previously, Magistrate Judge Natalie Hurt Adams ordered Defendant detained without bail. (Docs. 15; 16). On September 4, 2026, Judge Adams reopened the detention hearing and heard additional evidence and arguments, but she again ordered Defendant detained without bail. (Docs. 39; 40). Defendant challenges the detention orders and requests immediate release with conditions. A magistrate judge's detention order is subject to *de novo* review. *See United States v. King*, 849 F.2d 485, 489-91 (11th Cir. 1988). The Court has independently reviewed the record, including the transcripts of the detention hearings, and finds that an additional evidentiary hearing is unnecessary. *See* (Docs. 32; 46).

Defendant is accused of international parental kidnapping, in violation of 18 U.S.C. § 1204. Considering the nature and circumstances of the offense and the weight of the evidence against Defendant, the Court agrees with Judge Adams that pretrial detention is warranted.

In the initial detention Order, the magistrate judge made several findings supporting detention, including Defendant's extensive international ties and assets. Following the second hearing, the magistrate judge noted that "[w]hile the hearing testimony indicated that (1) the defendant had threatened to kill himself and the child, rather than threatened his wife with a firearm, and (2) the defendant knew of the court order directing him to return the child for multiple months rather than two years, the evidence did not change the Court's detention conclusion." The magistrate judge also reiterated her prior findings in support of detention that remained unchanged, including: (1) Defendant's criminal history, including prior charges of aggravated assault with a weapon and improper exhibition of a weapon, and a related history of violence or use of weapons; (2) Defendant's lack of ties to this District; (3) Defendant's substantial ties outside this District; (4) Defendant's vulnerability to removal or deportation following any period of incarceration, if convicted; (5) Defendant's prior attempt to evade law enforcement; (6) Defendant's history of acute mental health concerns conflicting with his statement to Pretrial Services that he is not in need of mental health treatment; and (7) Defendant's ownership of the alleged victim's home.

Based on these findings – which the Court has independently reviewed and agrees with – the Court concludes that Defendant presents a danger to the community and is a flight risk.

First, the Court finds that Defendant presents a danger to the community based on the nature and circumstances of the charged offense, his prior criminal history, and the evidence presented at the detention hearings. Although the evidence presented at the reopened detention hearing clarified that Defendant threatened to kill himself and the child, rather than his wife with a firearm, the Court does not find that distinction sufficient to warrant release. ***The threat to kill his own child if the child's mother contacted law enforcement is itself deeply concerning, particularly given the circumstances of the charged offense***. The Court finds that this evidence weighs heavily in favor of detention based on dangerousness.

Second, the Court finds that Defendant presents a substantial flight risk. Defendant has extensive international connections, including family and assets abroad, and he previously remained outside the United States for an extended period while the child's mother attempted to secure the child's return.[1] Although Defendant emphasizes that he voluntarily returned to the United States and surrendered to federal authorities, the Court finds that this fact, considered in light of the totality of the circumstances, does not sufficiently mitigate the substantial

[1] Defendant was born in Malaysia, has traveled extensively, and has lived in Malaysia, Singapore, China, and California. He retains assets in Malaysia and California. He has family in Malaysia and China.

risk that Defendant would flee if released pending trial. Moreover, even with location monitoring or a third-party custodian, there is simply too substantial a risk that Defendant could disappear before anyone noticed.[2]

Following an independent review of the record and consideration of the factors set forth in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The motion is therefore denied. Defendant shall remain detained without bail.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Revocation or Amendment of the Magistrate Judge's Detention Orders and for Pretrial Release Under 18 U.S.C. § 3145(b)" (Doc. 44) is denied, and his objection to the magistrate judge's detention order is overruled.

(2) Defendant shall remain detained without bail.

[2] The Court has considered Defendant's proposed conditions of release, including home detention, location monitoring, surrender of travel documents, a secured bond, and supervision by a third-party custodian. However, given Defendant's extensive international connections, financial resources, and prior conduct, the Court is not persuaded that these conditions would reasonably assure his appearance. Nor would location monitoring, no-contact restrictions, or mental-health treatment sufficiently address the danger presented by Defendant's threats against his child and his history involving weapons. These conditions may facilitate detection of a violation, but they would not necessarily prevent Defendant from fleeing or harming another person.

(3) Defendant remains committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

(4) Defendant shall be afforded reasonable opportunity for private consultation with counsel.

(5) The person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purposes of appearing in court as necessary.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE